FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

98 APR 24 PM 2: 29

U.S. DISTRICT COURT
N.D. OF ALABAMA

DELORES NORBUT,                      }
                                     }
     Plaintiff,                      }
                                     }  CIVIL ACTION NO.
     vs.                             }
                                     }  CV-98-AR-0533-M
MARSHALL MEDICAL CENTER NORTH,       }
MARSHALL MEDICAL CENTER SOUTH,       }
and THIRD PARTY CLAIMS               }
MANAGEMENT, INC.,                    }
                                     }
     Defendants.

ENTERED

APR 2 4 1998

**MEMORANDUM OPINION**

The court has for its consideration a motion to remand filed by plaintiff, Delores Norbut ("Norbut"), in the above-entitled action. The court heard oral argument on said motion at its April 17, 1998, motion docket. As explained below, the court now concludes that Norbut's said motion is due to be granted.

Norbut filed a class action complaint in the Circuit Court of Marshall County, Alabama, on January 30, 1998, against defendants, Marshall Medical Centers North and South (collectively "MMC") and Third Party Claims Management, Inc. ("TPCM"). Relying on Alabama law, Norbut alleges, *inter alia*, breach of contract, fraud, outrage, and unjust enrichment, all occasioned by defendants' alleged failure to pay claims submitted by Norbut as an employee of MMC pursuant to MMC's "medical benefits plan." With the consent of TPCM, MMC removed the action to this court on March 6,

1998. MMC's notice of removal asserts that: (1) Norbut's medical benefits plan is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et seq. ("ERISA"); (2) her state law claims are barred by ERISA's "super-duper pre-emption"; so that (3) this court has federal question jurisdiction.

In her motion to remand, Norbut claims that ERISA is not implicated because the medical benefits plan at issue in this case is, in fact, a "governmental plan" that is expressly exempted from ERISA coverage. ERISA defines a governmental plan as "a plan established or maintained for its employees . . . by the government of any State or political subdivision thereof, or by any agency or instrumentality of any of the foregoing." 29 U.S.C. § 1002(32). It cannot be gainsaid that such governmental plans are exempt from ERISA's sweeping regulatory regime. 29 U.S.C. § 1003(b)(1). The only question is whether this particular plan is, as Norbut maintains, a governmental plan. If it is, then this action does not present a federal question and should be returned to the state forum. The court agrees with Norbut.

Courts determine whether an entity qualifies as a political subdivision for ERISA purposes by looking to see if: (1) the entity is created directly by the state such that it constitutes a department or administrative arm of the government; or (2) the entity is administered by individuals who are responsible to

public officials or to the general electorate. *Rose v. Long Island R.R. Pension Plan*, 828 F.2d 910, 916 (2d Cir.), *cert. denied*, 485 U.S. 936, 108 S.Ct. 1112 (1987); *Hutto v. Blue Cross & Blue Shield of Alabama*, 1997 WL 659806 at *3 (M.D. Ala.). "This is a disjunctive test; if either prong is satisfied, then the entity in question is a political subdivision." *Hutto*, 1997 WL 659806 at *3 (citing *Shannon v. Shannon*, 965 F.2d 542, 548 (7th Cir. 1992)).

Applying this standard in the instant case, it is clear that the entity which owns and operates MMC — the Marshall County Hospital Authority (the "Authority") — qualifies as a political subdivision of the State of Alabama. Three facts support this conclusion. First, the Authority is a public corporation organized under Alabama law to promote public health. Exh. A to Mot. to Remand; Ala. Code § 22-21-337 (1997 Repl. Vol.). Second, the Authority has the power of eminent domain. Exh. A to Mot. to Remand at 3; Ala. Code § 22-21-319 (1997 Repl. Vol.). Third, all securities issued by the Authority are tax-exempt under Alabama law. Ala. Code § 22-21-333 (1997 Repl. Vol.). As the court in *Hutto* explained, an entity possessed of these three characteristics satisfies the first prong of the test articulated above and, therefore, qualifies as a political subdivision for ERISA purposes. *Hutto*, 1997 WL 659806 at *3-4. Accordingly, the

court concludes that any medical benefits plan provided by MMC, as an instrumentality of a political subdivision of the State of Alabama, falls within the definition of a governmental plan and is exempt from ERISA.  *See id*.

Furthermore, the mere fact that a private entity, TPCM, actually administers the medical benefits plan for MMC does nothing to undermine this conclusion.  As the court in *Roy v. Teachers Ins. & Annuity Ass'n*, 878 F.2d 47 (2d Cir. 1989), explained, "when a [benefits] plan has been established by a governmental entity for its employees and the **governmental entity's status as employer has not changed**, the plan must be exempt from ERISA as a governmental plan."  *Id.* at 50 (emphasis added).  Here, documents submitted by defendants confirm that MMC "established" the benefits plan at issue for its eligible employees and their dependents.  Exh. A to Notice of Filing at i.  Likewise, it is undisputed that, at all relevant times, MMC was Norbut's employer.  Thus, as per *Roy*, MMC's use of TPCM to administer the plan on its behalf has no bearing on the plan's exempt status.  *See Hutto*, 1997 WL 659806 at *3 (finding benefits plan administered by private, nonprofit entity exempt under ERISA as governmental plan).  Given that there has been no showing that MMC has ever relinquished its ultimate responsibility for the plan at issue to TPCM, defendants' reliance on *Hightower v. Texas Hosp*.

4

*Ass'n*, 65 F.3d 443 (5th Cir. 1996), is inapposite.

As a final matter, the undersigned pauses to emphasize that this is a court of limited jurisdiction. *Jefferson County v. Acker*, 1998 WL 138767 at *2 (11th Cir.). This limit on the court's authority remains in place despite the existence of comprehensive statutes like ERISA. Although in enacting ERISA Congress may have intended to federalize virtually the entire field of employee benefits law, it did, deliberately and with good reason, reserve some matters for the state courts. This case squarely falls into that latter category. Moreover, this court's reading of the applicable statutory exception is commensurate with its obligation to construe removal statutes narrowly, with all doubts being resolved against removal. *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996), *cert. denied*, ___ U.S. ___, 117 S.Ct. 1349 (1997). Today's result only incidentally serves to honor plaintiff's right to select the forum of her choice.

The court will enter a separate and appropriate order of remand in keeping with this memorandum opinion.

DONE this 24th day of April, 1998.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE